UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*ELECTRONICALLY FILED*

* * * * * * * *

| | |
|---|---|
| WALTER JOSEPH RAPP<br>On behalf of himself and a class of similarly situated persons<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION<br>D/B/A COSTCO WHOLESALE | ) <br>) Civil Action No. 3:22-cv-645-CHB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

*** *** ***

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Walter Joseph Rapp ("Mr. Rapp"), alleges as follows against Defendant, Costco Wholesale Corporation d/b/a Costco Wholesale ("Costco").

### PARTIES AND JURISDICTION

1. Walter Joseph Rapp is currently an adult resident of the state of Florida who formerly lived in Louisville, Kentucky and who transacted business with Costco in the Commonwealth of Kentucky. He is a citizen of the State of Florida.

2. Costco is a corporation incorporated in and with its principal place of business in the State of Washington and is thus a citizen of the State of Washington.

3. Costco does substantial retail business in the Commonwealth of Kentucky and Jefferson County, Kentucky.

4.     The conduct on which this lawsuit is based occurred predominantly in Jefferson County Kentucky and in other counties in Kentucky where Costco does business and wrongfully collects sales tax.

5. Subject matter jurisdiction is proper pursuant to the Class Action Fairness Act of 2005 contained in 28 U.S.C. §§ 1332(d) because, (1) this is a class action case with diversity of citizenship between the parties, (2) the aggregate amount in controversy, exclusive of fees and costs, but including compensatory, statutory and punitive damages, exceeds $5,000,000, the minimum amount needed to vest jurisdiction in this Court, (3) the class of persons that Mr. Rapp seeks to represent includes persons who are citizens of different states from which Defendant is a citizen, and (4) the members of the class(es) that Mr. Rapp seeks to represent are each more than 100 because Costco's sales of the subject products and wrongful conduct at multiple store locations number in the thousands and span several years.

6. Costco is subject to the personal jurisdiction of this Court because it transacted business with Walter Joseph Rapp and other similarly situated persons in Louisville, Jefferson County, Kentucky; operates multiple retail stores, and otherwise does business in the Commonwealth of Kentucky

7. Because a substantial part of the events or omissions giving rise to the claim(s) occurred in Jefferson County, Kentucky, venue is proper in this Court pursuant to 28 U.S.C. §1391.

## ADDITIONAL FACTS

8. Costco operates at least four (4) stores in Kentucky, including stores in Louisville, Florence and Lexington, Kentucky.

9. On September 29, 2017, Mr. Rapp visited Costco in Louisville, Kentucky and purchased Cretor's popcorn mix.

10. Costco wrongly collected sales tax on Cretor's mix that Mr. Rapp purchased because it is a food item, which is totally exempt from sales tax. The sales tax collected on Cretor's mix alone was $1.03, or 6% of the pre-discounted price of $17.22.

11. The receipt is attached hereto as **Exhibit A** ("Receipt").

12. When Mr. Rapp noticed that the tax collected did not compute, he discussed the matter with a store representative and requested a refund.

13. The store representative with whom he spoke refused to return any monies.

14. KRS 139 et.seq. requires retailers to collect sales tax and to hold it in trust "for and on account of the Commonwealth" as a "debt …to the Commonwealth of Kentucky."

15. Costco induced customers (including Mr. Rapp) to believe that it was deducting the proper amount of sales tax even though it had knowledge that the amount collected exceeded the amount imposed by Kentucky law.

16. Costco receives a portion of the sales tax as payment for its sales tax collection.

17. Upon information and belief, Costco deliberately overcharged customers for sales tax in violation of Kentucky law and is liable to Mr. Rapp and members of the Class.

18. Costco's conduct is unfair, false, misleading, and/or deceptive.

19.  Defendant, Costco Wholesale Corporation d/b/a/ Costco Wholesale, has received Mr. Rapp's notices of Mr. Rapp's challenge to the tax collected and has acknowledged in writing that is has received notice relating to overcollection of sales and use taxes in compliance with KRS 139.771.

20. Despite being on notice of this action, Costco continues to wrongfully charge sales tax on Cretor's mix at one or all of its Kentucky stores.

21. Costco, through its counsel, has stated that it no longer sells Cretor's mix, which is false.

## CASE HISTORY

22. Mr. Rapp reasserts all prior paragraphs as if fully set forth herein.

23. On or about October 7, 2017, Mr. Rapp filed a lawsuit in Jefferson Circuit Court, Division 10 in which he challenged Costco's overcollection of sales tax based upon his purchase of the items purchased on September 29, 2017, as identified on the Receipt.

24. Following discovery and motion practice, the Circuit Court entered the attached Order, a copy of which is attached and marked as **Exhibit B** ("Order"), in which it ruled that, (1) Costco wrongfully withheld sales tax from Mr. Rapp on Cretor's Mix because it is a food item, not candy, as alleged by Costco, and (2) Kentucky law allows Mr. Rapp to file a direct action against Costco and does not require him to pursue and exhaust administrative remedies with the Kentucky Revenue Cabinet as argued by Costco.

25. However, the Circuit Court ruled that KRS 139.450, a 2019 Kentucky state statute, enacted two years after this suit began, now forbids class action lawsuits, a procedural device, against marketplace providers such as Costco for overcollection of sales tax in state court. The Court then dismissed Mr. Rapp's Kentucky state court case without prejudice for want of jurisdiction with leave to refile in a court of "appropriate jurisdiction."

26. The Circuit Court ruling was not appealed and is now final.

27. KRS 413.270, Kentucky's so-called "savings statute," states as follows:

(1) <u>If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court has no</u>

<u>jurisdiction of the action, the plaintiff or his representative may, within ninety (90) days from the time of that judgment, commence a new action in the proper court.</u> The time between the commencement of the first and last action shall not be counted in applying any statute of limitation.

(2) As used in this section, "court" means all courts, commissions, and boards which are judicial or quasi-judicial tribunals authorized by the Constitution or statutes of the Commonwealth of Kentucky <u>or of the United States of America</u>.

28. In *Shady Grove Orthopedic Associates vs. Allstate Insurance Company*, 559 U.S. 393, 130 S.Ct. 1431, 176 L.Ed. 311 (2010), the United States Supreme Court held that the Federal Rule of Civil Procedure governing class actions creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action notwithstanding any state law to the contrary, which is preempted.

29. Mr. Rapp is now refiling this class action complaint in this Court in accordance with the Circuit Court's directive and pursuant to Kentucky's savings statute.

## CLAIMS

30. Mr. Rapp reasserts all prior paragraphs as if fully set forth herein.

31. Costco's conduct violates KRS § 139 et. seq. and its corresponding regulations contained in Chapter 103 of the Kentucky Administrative Regulations and such conduct is actionable under KRS § 446.070.

32. Costco's conduct violates the Kentucky's Consumer Protection Act, KRS § 367.170, *et seq*.

33. Costco's conduct constitutes conversion, unjust enrichment, breach of fiduciary duty, negligence, gross negligence, and breach of the implied contractual duty of good faith and fair dealing.

34. Mr. Rapp seeks all damages based on Costco's conduct recoverable under the law, including the excess sales tax paid, punitive damages, attorney's fees in prosecuting this action, costs, and interest.

35. Mr. Rapp also seeks a declaration that Costco shall not charge customers sales tax on exempt food items, which is a violation of Kentucky law, money damages, and a permanent injunction prohibiting such charges and conduct in the future.

## **CLASS ALLEGATIONS**

36. Mr. Rapp reasserts all prior paragraphs as if fully set forth herein.

37. Mr. Rapp brings this action as a class action on behalf of all individuals who paid sales tax onfood items that were exempt from sales tax under Kentucky lawwithin at least five (5) years before October 9, 2017 and thereafter.

38. This action has been brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of Mr. Rapp and all others similarly situated with the Class, as defined above.

39. Members of the Class are so numerous that their individual joinder is impracticable. Plaintiff believes that the number of Class members in in the thousands.

40. The claims of the representative are typical of the claims of the Class.

41. Core questions of law and fact in this case are common to Mr. Rapp and Class members and include Defendant's, (1) violation of Kentucky law by assessing sales tax on exempt food items such as Cretor's Mix, (2) unfair, false, misleading, and/or deceptive trade practices, and (3) breach its fiduciary duty to customers, and (4) and/or conversion of customers' funds in Kentucky.

42. Mr. Rapp will fairly and adequately protect the interests of the Class. Mr. Rapp has retained counsel with substantial experience in consumer protection, contract, and class action

claims. Mr. Rapp and his counsel are committed to vigorously prosecuting this action on behalf of the Class they represent and have the financial resources to do so.

43. Neither Mr. Rapp nor his counsel has any interest adverse to those of the Class.

44. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, the Class members would likely find the cost of litigating their claims prohibitive and would have no effective remedy at law. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and litigants and promote consistency and efficiency of adjudication.

**WHEREFORE**, Mr. Rapp respectfully requests that this Court:

a. Certify the Class pursuant to Federal Rule of Civil Procedure 23, appoint Mr. Rapp as the Class Representative, and appoint the undersigned counsel of record, Joshua T. Rose and T. Scott Abell, as Class Counsel;

b. Grant trial by jury;

c. Refund all improper and illegally collected sales tax to the class;

d. Award compensatory damages;

e. Award punitive damages;

f. Award statutory damages;

g. Award pre-judgment and post-judgment interest;

h. Award costs and attorney's fees;

i. Grant declaratory and injunctive relief;

j. Grant leave to amend the pleadings;

k. Grant any and all other relief the Court or jury deem appropriate.

Respectfully submitted:

/s/ T. Scott Abell
T. Scott Abell
Joshua T. Rose
108 S. Madison Avenue
Louisville, KY 40243
(502) 450-5611
sabell@abellroselaw.com
jrose@abellroselaw.com

*Counsel for Plaintiff and the Class*