UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

WALTER JOSEPH RAPP,                                                                    Plaintiff,

v.                                                                   Civil Action No. 3:22-cv-645-DJH

COSTCO WHOLESALE CORPORATION,                                           Defendant.

\* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Walter Joseph Rapp sued Defendant Costco Wholesale Corporation on behalf of himself and a putative class, alleging negligence per se pursuant to Ky. Rev. Stat. § 446.070 based on a failure to adhere to Kentucky's tax-collection statutes, a violation of Kentucky's Consumer Protection Act, conversion, unjust enrichment, breach of fiduciary duty, negligence, gross negligence, and breach of the implied contractual duty of good faith and fair dealing.  (Docket No. 1)  Costco moves for dismissal of all claims for lack of subject-matter jurisdiction, arguing that Rapp's claims are barred by the Tax Injunction Act.  (D.N. 19)  In the alternative, Costco moves to dismiss for failure to state a claim.  (*Id.*)  After careful consideration, the Court will grant Costco's motion for the reasons set forth below.

**I.**

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack."  *Howard v. City of Detroit*, 40 F.4th 417, 422 (6th Cir. 2022) (citing *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)).  Facial attacks concern "the sufficiency of the pleading," and "district court[s] 'take[] the allegations in the complaint as true,'" *id.* (citation omitted), akin to the "safeguard employed under 12(b)(6) motions to dismiss."  *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330 (citing *Ohio Nat'l Life*

1

*Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990)). Contrary to Costco's characterization (D.N. 19, PageID.68), in the Sixth Circuit, motions to dismiss under the Tax Injunction Act are treated as facial attacks. *See Howard*, 40 F.4th at 422; *Wayside Church v. Van Buren Cnty.*, 846 F.3d 812, 817 (6th Cir. 2017). Thus, the Court "take[s] the facts only from the complaint, accepting them as true as [it] must do." *Howard*, 40 F.4th at 422; *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 757 (6th Cir. 2020).

Rapp alleges that Costco wrongly collected $1.03 in sales tax on a popcorn mix he purchased. (D.N. 1, PageID.3 ¶¶ 9–10) He asserts that the mix "is a food item, which is totally exempt from sales tax." (*Id.* ¶ 10) Believing that "Costco deliberately overcharged customers for sales tax in violation of Kentucky law," Rapp instituted a class action against Costco in Jefferson Circuit Court to "challenge[] Costco's overcollection of sales tax based upon [Rapp's] purchase of the" popcorn mix. (*Id.*, PageID.3–4 ¶¶ 17, 23) The state court held that the mix was exempt from state sales tax (*id.*, PageID.4 ¶ 24) but also concluded that Ky. Rev. Stat. § 139.450 barred Rapp's suit because it "forbids class action lawsuits . . . against marketplace providers such as Costco for overcollection of sales tax in state court." (*Id.* ¶ 25; *see* D.N. 1-2) The case was dismissed "without prejudice for want of jurisdiction with leave to refile in a court of 'appropriate jurisdiction.'" (D.N. 1, PageID.4 ¶ 25; *see* D.N. 1-2, PageID.17–18) Rapp interprets this as a "directive" to file his class action against Costco in this Court. (*See* D.N. 1, PageID.5 ¶ 29)

Rapp asserts a class action against Costco "on behalf of all individuals who paid sales tax [on food] items that were exempt from sales tax under Kentucky [law within] at least five (5) years before October 9, 2017," claiming violations of Kentucky statutory and common law. (*Id.*, PageID.5–6 ¶¶ 31–33, 37) He alleges negligence per se based on improper sales-tax collection; a violation of Ky. Rev. Stat. § 367.170, Kentucky's Consumer Protection Act; conversion; unjust

enrichment; breach of fiduciary duty; negligence; gross negligence; and breach of the implied contractual duty of good faith and fair dealing. (*Id.*, PageID.5 ¶¶ 31–33) Rapp seeks equitable relief and "all damages based on Costco's conduct recoverable under the law, including [recovery of] the excess sales tax paid[] and punitive damages." (*Id.*, PageID.6 ¶¶ 34–35)

Costco moves to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). (D.N. 19) It argues that the Court lacks jurisdiction on the grounds that (1) the amount in controversy is below the amount required by the Class Action Fairness Act of 2005; (2) the Court is barred from considering Rapp's claims by the Tax Injunction Act (TIA) and principles of comity; and (3) Ky. Rev. Stat. § 139.450 applies here instead of Federal Rule of Civil Procedure 23, thus precluding Rapp's class action. (*Id.*, PageID.68–80) In the alternative, Costco moves for dismissal pursuant to Rule 12(b)(6) for failure to state a claim, arguing that (1) many of Rapp's putative class claims are time-barred by the applicable statute of limitations and (2) Rapp fails "to plead the elements of any of his causes of action." (*Id.*, PageID.80–87) Because the Court finds that Rule 12(b)(1) resolves the case, it need not reach the Rule 12(b)(6) arguments.

## II.

"Threshold challenges to subject matter jurisdiction under [Rule] 12(b)(1) should generally be decided before any ruling on the merits under [Rule] 12(b)(6)." *Mooneyham v. Equifax Info. Servs., LLC*, 99 F. Supp. 3d 720, 722 (W.D. Ky. 2015) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)). A facial attack to jurisdiction "questions merely the sufficiency of the pleading." *Howard*, 40 F.4th at 422 (quoting *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330). In analyzing the attack, "[t]he district court 'takes the allegations in the complaint as true.'" *Id.* (citation omitted). As explained below, Rapp's complaint alleges that Costco wrongfully collected sales tax on an

3

item he purchased, and he seeks declaratory relief, a permanent injunction, and damages, including a refund of the excess tax collected. (*See* D.N. 1, PageID.5–6 ¶¶ 31–35)

**A.     Tax Injunction Act**

"The TIA prohibits district courts from 'enjoin[ing], suspend[ing,] or restrain[ing] the assessment, levy[,] or collection of any tax under State law where a plain, speedy[,] and efficient remedy may be had in the courts of such State.'" *Id.* (quoting 28 U.S.C. § 1341).  The statute "encompasses both (1) a substantive definition of what is prohibited ('enjoin[ing], suspend[ing,] or restrain[ing] the assessment, levy[,] or collection of any tax under State law') and (2) a stated condition for its application ('where a plain, speedy[,] and efficient remedy may be had in the courts of such State')." *Islamic Ctr. of Nashville v. Tennessee*, 872 F.3d 377, 382 (6th Cir. 2017) (citation omitted).

Costco argues that the TIA bars federal jurisdiction over Rapp's suit because this action could "impair" or "disrupt" Kentucky's ability to administer its sales tax, and there are sufficient state-court remedies. (D.N. 19, PageID.71–74)  Rapp maintains that the TIA is inapplicable to his claims; in the alternative, he claims that state-law remedies are inadequate. (D.N. 25, PageID.228–29)  The Court first considers whether Rapp's claims fall within the statute's substantive definition before assessing whether Kentucky's courts afford him an adequate remedy. 28 U.S.C. § 1341; *see Islamic Ctr. of Nashville*, 872 F.3d at 382.

**1.     The TIA's Applicability to Rapp's Claims**

To determine whether the substantive definition applies, the Court must analyze Rapp's requested remedies. *See Islamic Ctr. of Nashville*, 872 F.3d at 382–83. Rapp "seeks all damages based on Costco's conduct recoverable under the law, including the excess sales tax paid, punitive damages, attorney's fees in prosecuting this action, costs, and interest." (D.N. 1, PageID.6 ¶ 34)

4

He also requests "a declaration that Costco shall not charge customers sales tax on exempt food items . . . and a permanent injunction prohibiting" future charges. (*Id.* ¶ 35)

"The Act 'is jurisdictional and prevents federal courts from awarding declaratory or injunctive relief to plaintiffs who challenge state tax laws.'" *Islamic Ctr. of Nashville*, 872 F.3d at 382 (quoting *Wayside Church*, 847 F.3d at 822); *see id.* ("[A]lthough the TIA's language formally encompasses only injunctive relief, the [United States] Supreme Court has clarified that its prohibition applies to declaratory judgments as well." (citing *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982))); *Coleman v. Campbell Cnty. Libr. Bd. of Trs.*, 901 F. Supp. 2d 925, 929 (E.D. Ky. 2012) ("On its face, the Act bars suits in federal court for injunctive relief in state tax cases." (citing § 1341)). General damages arising from tax collection are also barred by the TIA. *See Gwozdz v. HealthPort Techs., LLC*, 846 F.3d 738, 743 (4th Cir. 2017) ("A claim for damages against vendors in the performance of their tax collection duties has precisely the same potential as a claim for equitable relief to disrupt a state's entire system of revenue collection."); *Bland v. McHann*, 463 F.2d 21, 27–28 (5th Cir. 1972) (holding that federal courts have a broad duty to defer to state remedies in state tax cases, including actions seeking tax refunds); *Farneth v. Wal-Mart Stores, Inc.*, No. 2:13-cv-01062, 2013 WL 6859013, at *4 (holding that claims for conversion, breach of constructive trust, unjust enrichment, and unfair trade practices are not exempt from the TIA's bar); *Coleman*, 901 F. Supp. 2d at 929–30 (collecting cases and concluding that the TIA applies to requests for refunds, prejudgment interest, court costs, and attorney's fees in state tax cases).

Rapp maintains that he "is not asking the Court to enjoin or restrain the collection of any tax," but rather "seeking a judicial remedy for Costco illegally charging him money on a false charge." (D.N. 25, PageID.228) "[B]ecause no lawful tax existed in the first instance," he

5

contends, the TIA is inapplicable. (D.N. 25, PageID.228) Notwithstanding Rapp's characterization, "each of his assorted claims turns on whether [Costco]'s collection of the tax was improper under" Kentucky tax law. *Gwozdz*, 846 F.3d at 742. He asserts "Costco deliberately overcharged customers for sales tax in violation of Kentucky law." (D.N. 1, PageID.3 ¶ 17) Further, he requests damages based on the "excess sales tax paid" and equitable relief relating to Costco's ability to collect sales tax on items sold. (*Id.*, PageID.6 ¶¶ 34–35)

In the absence of relevant Sixth Circuit precedent, the Court finds *Gwozdz* persuasive. The plaintiff in *Gwozdz* "filed a class action against the [defendant business] . . . assert[ing] several statutory consumer protection claims and a hodgepodge of common law claims" arising from allegations that the defendant business charged him sales tax on an exempt item. 846 F.3d at 740. The plaintiff "attempt[ed] to characterize his action as anything but a tax case," describing "the 'gravamen' of the complaint [as] ' . . . not that he paid unlawful taxes, but that [the defendant business] ha[d] engaged in an unlawful billing practice." *Id.* at 742. The Fourth Circuit disagreed and held that the plaintiff's suit, as a "direct challenge to an actual tax collection," was so "close[] to the heart of state collection activities" that the TIA applied. *Id.* at 743.

Like the plaintiff in *Gwozdz*, Rapp asserts a variety of state-law claims purportedly based on "a false charge" unlawfully imposed by the defendant. (D.N. 25, PageID.228; *see* D.N. 1, PageID.5–6 ¶¶ 31–35) Ultimately, however, Rapp "seeks relief for paying a tax that he believes was improper." *Gwozdz*, 846 F.3d at 742. Because this constitutes a "direct challenge to an actual tax collection" that is "close[] to the heart of state collection activities," the TIA bars Rapp's suit unless there is no adequate state remedy. *Id.* at 743.

### 2.     Availability of a Plain, Speedy, and Efficient Remedy

"The 'plain, speedy[,] and efficient exception to the [TIA's] prohibition was only designed to require that the state remedy satisfy certain procedural criteria.'" *Howard*, 40 F.4th at 423 (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981)); *see Hedgepeth v. Tennessee*, 215 F.3d 608, 615 (6th Cir. 2000) (explaining that the "TIA merely requires that the state provide certain minimal procedural protections against illegal tax collection"). Courts must narrowly construe this exception. *Howard*, 40 F.4th at 423 (quoting *Grace Brethren Church*, 457 U.S. at 413). Therefore, "district court jurisdiction may not be grounded on the substantive inadequacy of the state court remedy." *Coleman*, 901 F. Supp. 2d at 933–34 (citing *Nw. Airlines, Inc. v. Tenn. State Bd. of Equalization*, 11 F.3d 70, 72–73 (6th Cir. 1993)).

Rapp has not sufficiently alleged that Kentucky's remedies are inadequate. He argues that there is no effective remedy in state court because class actions like his are barred by Ky. Rev. Stat. § 139.450. (D.N. 25, PageID.229) His complaint, however, mentions the inadequacy of a state remedy only once, alleging that "[a]bsent a class action, the Class members would likely find the cost of litigating their claims prohibitive and would have no effective remedy at law." (D.N. 1, PageID.7 ¶ 44) Costco counters that the TIA "only requires that [Rapp] have a remedy for his individual claim, not an opportunity to represent a class." (D.N. 29, PageID.310 (citing *Waldron v. Collins*, 788 F.2d 736, 738 (11th Cir. 1986) ("[T]he absence of a provision for class actions does not render Georgia's procedures for litigating tax matters inadequate within the meaning of the [TIA].'"))) The Court agrees.

The "futility of state court proceedings does not render [a] remedy inadequate, even if [Rapp] is faced with [a] recent, dispositive state court opinion contrary to [his] position." *Coleman*, 901 F. Supp. 2d at 933–34 (quoting *Nw. Airlines, Inc.*, 11 F.3d at 72–73). An inability to bring a

class action in state court does not render state-court remedies defective for purposes of the TIA's exception. *See Waldron*, 788 F.2d at 738 (citing *Bland*, 463 F.2d at 29). Therefore, the Jefferson Circuit Court's determination that § 139.450 barred Rapp from litigating his class action in state court does not "render [his] remedy inadequate." *Id.* The state court dismissed Rapp's case "without prejudice to refile his claim in a court of appropriate jurisdiction given the amount of his individual claim." (D.N. 1-2, PageID.17–18) By dismissing without prejudice and encouraging Rapp to refile, the Jefferson Circuit Court recognized that a state-court remedy exists. (*See id.*) The opinion also mentioned possible administrative remedies and the general availability of "a cause of action [in state court] against [a] retailer for overcharging of sales tax." (*See id.*, PageID.14 (citing *Hub v. Kroger Co.*, No. 2007-CA-240, 2008 WL 746600, at *2 (Ky. Ct. App. Mar. 21, 2008))) While Rapp alleges that "the Class members would likely find [individual] cost[s] of litigating their claims prohibitive" (*see* D.N. 1, PageID.7 ¶ 44), a plaintiff cannot invoke the TIA's exception based on such "substantive inadequac[ies]." *Coleman*, 901 F. Supp. 2d at 933–34 (quoting *Nw. Airlines, Inc.*, 11 F.3d at 72–73). In short, Rapp does not allege any deficiencies that would cause the "plain, speedy, and efficient" exception to apply. § 1341; *see Howard*, 40 F.4th at 423; *Coleman*, 901 F. Supp. 2d at 933–34. The TIA thus bars the Court from considering Rapp's claims, *see Islamic Ctr. of Nashville*, 872 F.3d at 382, and subject-matter jurisdiction is lacking on the face of the complaint. The case must therefore be dismissed. Fed. R. Civ. P. 12(b)(1); *see Howard*, 40 F.4th at 422.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Defendant Costco Wholesale Corporation's motion to dismiss (D.N. 19) is **GRANTED**. This matter is **DISMISSED** without prejudice and **STRICKEN** from the Court's docket.

September 29, 2023

*[Signature]*

David J. Hale, Judge
United States District Court